## Colton *versus* The Cleveland and Pittsburg Railroad Co.

1. A bill of lading by a railroad company contained "the dangers incident to railroad transportation, fire, and all other unavoidable accidents excepted;" the exception of loss by fire was a limitation on the common-law liability of carriers.

2. The exception was of fire, whether unavoidable or not, unless it was by negligence of the carrier, which cannot be provided against.

3. The goods having been burned, the onus of proof as to fault was on the transporter.

4. The exceptions restricted the liability of the carrier to that of a private carrier or bailee for hire, and he was liable only for want of ordinary care and skill.   Per STERRETT, P. J.

5. Farnham *v.* Camden and Amboy Railroad, 5 P. F. Smith 55, recognised.

November 22d 1870.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county :* Of October and November Term 1869, No. 226.

This was an action of assumpsit, brought August 31st 1866, by John Colton against The Cleveland and Pittsburg Railroad Company, for not delivering goods received by the plaintiff for transportation, under the following bill of lading :—

"Cleveland and Pittsburg Railroad Company,
Lima, June 2d 1866.

Received of John Colton, Esq., by the Cleveland and Pittsburg Railroad Company, the following packages (contents unknown), in apparent good order, which they agree to deliver in like good order (the dangers incident to railroad transportation, fire and all other unavoidable accidents excepted) unto the consignee named in the margin, or his or their assignee, at the company's depot in Pittsburg, upon the payment of freight and charges.

The Cleveland and Pittsburg Railroad Company further agree to forward the goods named in this bill of lading, to the place of destination, as per margin, upon the express condition that they shall be released from all liability for the loss or damage to goods, or deficiency in packages, after the same shall have been receipted, in apparent good order, at Pittsburg.

| WILKINS LINHART,<br>Pittsburg, Pa. | 100 bls. Flour, | 20,000 |
|---|---|---|

H. PAINE, Agent."

The plaintiff gave in evidence the foregoing bill of lading, and also proved that the flour mentioned in it "was not shipped, it was burned up."

[Colton *v.* Cleveland and Pittsburg Railroad Co.]

The defendants gave evidence that the warehouse at Lima, in which the flour was, was burned about midnight of June 2d 1866, and that when discovered nothing could be done to save the building; and that after the flour had been received no freight-train had passed, so that it could be sent, also that the locomotives of the company, including those which passed Lima Station on the night of the fire, were provided with the best spark-arresters known to railroad men.

The plaintiff's points and the answers of the court (Sterrett, P. J.), were ·

4. "The exception in the contract in this case is against unavoidable fire, and the defendant therefore cannot be excused without showing that the fire, of which evidence has been given, happened from a cause which no human skill or foresight could have guarded against.

5. "The presumption of law is that the fire happened through the negligence of the defendant, and this presumption can only be rebutted by direct evidence on their part, showing that the fire happened without any fault whatever .on their part, despite the exercise by them of the highest degree of .skill and foresight." These points were unqualifiedly refused.

7. "If the jury believe the fire to have been occasioned by sparks thrown from the defendant's locomotives passing the depot, such fact is evidence of negligence on the part of the defendant, and plaintiff is entitled to recover."

Answer : "This point is refused, unless the jury find also that the sparks were thrown by reason of careless or negligent management of the locomotives, or their defective construction. If the defendant exercised ordinary care and skill in providing good and safe spark-arresters, approved by skilful and experienced mechanics, and the locomotives thus provided were carefully and skilfully operated at the time and place in question, the defendant would not be liable, even if the jury should be of the opinion that the fire was occasioned by sparks from defendant's locomotives passing the depot. On the other hand, if you find that the sparks were thrown and the building fired in consequence either of the defective construction or careless management of the locomotives, the defendant would be liable."

9. "The neglect of the defendant to employ a watchman, or to provide water or other means of extinguishing a fire, is negligence, *per se*, and a loss having happened, the plaintiff is entitled to recover.

10. "In order to relieve the defendant from liability in this case, he ought to have shown that diligent efforts were made to rescue the property of the plaintiff and other shippers from the flames, and to check the fire.

12. "If the jury are unsatisfied by the evidence as to the

cause of the fire, the presumption of law remains that the fire happened through defendant's negligence."

These points were unqualifiedly refused.

Defendant's points and the answers were :—

1. "The exceptions contained in the plaintiff's bill of lading, or receipt of defendant for said flour, limited and restricted the liability of the defendant as carrier to that of a private carrier, or of an ordinary bailee for hire, and that the defendant is answerable only under said bill of lading or receipt for want of ordinary care and skill.

3. "The burden of proof of negligence is, under this contract, upon the plaintiff."

These points were affirmed.

The verdict was for the defendant.

The plaintiff took out a writ of error, and assigned the answers of the court to the points for error.

*J. S. Ferguson*, for plaintiff in error.—"Inevitable accidents" are such as no human foresight can prevent: Beach *v.* Parmeter, 11 Harris 197. This is implied by law in favor of common carriers when it is not expressed in the bill of lading: Morrison *v.* Davis, 8 Id. 171.

An exception in the bill of lading by a common carrier by land of "unavoidable dangers and accidents of the road" is no restriction of his general liability: Story on Bailments 457; Walpole *v.* Bridges, 5 Black. 222. If the contract will bear two constructions it is ambiguous, and therefore will not avail the defendant anything: Beckman *v.* Shouse, 5 Rawle 189. Accidental fire, happening without default on the part of the carrier, furnish him no excuse: Story on Bailments 459; Graff *v.* Bloomer, 9 Barr 114.

*S. Schoyer*, for defendants in error.—The exception in the bill of lading reduced the defendant to a private carrier or bailee: Farnham *v.* Camden and Amboy Railroad, 5 P. F. Smith 55; Graff *v.* Bloomer, *supra;* Atwood *v.* Reliance Transp. Co., 4 Watts 87; Angell on Carriers, §§ 220, 225, 276.

The opinion of the court was delivered, January 3d 1871, by

THOMPSON, C. J.—We think the learned judge below was entirely right in construing the exception in the bill of lading in this case as restrictive of the law of liability of common carriers. It is as follows: "The dangers incident to railroad transportation, fire, and all other unavoidable accidents excepted." Without doubt, the exception of loss by "fire" was a limitation upon the common-law responsibility, and brings the case within the case of Farnham *v.* The Camden and Amboy Railroad Company, 5

[*Colton v. Cleveland and Pittsburg Railroad Co.*]

P. F. Smith 55. The learned judge refused to hold, as the plaintiff below insisted upon, that the word "unavoidable" qualified the word "fire" in the exception. This was right. To have held otherwise would have been to regard the enumeration of the peril as utterly inefficient and useless, as the words, "other unavoidable accidents," would cover it. The exception in this bill was of "fire," whether unavoidable or not, provided it was not by the negligence of the company, which cannot be provided against. The common-law liability being thus changed, the *onus* of proof of where the fault lay was changed, as is shown in Farnham *v.* The Camden and Amboy Railroad Company, *supra.* The case was well decided below, and as we see no error in the record, the judgment must be affirmed.